UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NATHASIA M. PAUL | CIVIL ACTION |
| VERSUS | NO.  21-2144 |
| JOHN S. WALSDORF, ET AL | SECTION "B"(4) |

### ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, come Defendants, Sheriff Joseph P. Lopinto, III, John S. Walsdorf, Michael C. Wible, Gary L. Bordelon, Jr., Jason E. Spadoni, Joseph P. Hebert, and Curtis P. Matthews (collectively referred to herein as "the JPSO Defendants"), who, in response to the Complaint filed herein by the Plaintiff, respectfully submit the following:

### FIRST DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### SECOND DEFENSE

All of the acts and actions taken by the Defendants therein were reasonable under the circumstances and do not support a claim under a theory of vicarious liability or *respondeat superior*.

## THIRD DEFENSE

That the Plaintiff, by virtue of her own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk, all of which will be more fully shown at the trial of this matter.

## FOURTH DEFENSE

The Court is without jurisdiction in this matter inasmuch as the amount in controversy, exclusive of interest and costs, does not exceed the sum and value of $75,000.00.

## FIFTH DEFENSE

The Court is without jurisdiction as to all claims asserted by the Plaintiff in this matter inasmuch as the Complaint fails to state a proper claim for relief under the Constitution of the United States or any United States statute.

## SIXTH DEFENSE

All of the acts and actions taken by the Defendants herein were reasonable under the circumstances and were taken pursuant to valid and constitutional policies and in no way provide any basis for any claim under *Monell*.

## SEVENTH DEFENSE

Defendants further submit that the claims of the Plaintiff are frivolous, groundless and unreasonable and, as such, the Defendants are entitled to an award against the Plaintiff for all attorney's fees and costs expended in this matter pursuant to 42 USC 1983.

## EIGHTH DEFENSE

Defendants affirmatively plead qualified immunity and any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States

and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in La. R.S. 9:2798.1.

## NINTH DEFENSE

Any and all damages and/or injuries sustained or incurred by the Plaintiff were the fault of individuals and/or entities over whom the Defendants have no control.

## TENTH DEFENSE

That any actions taken by the Defendants were taken in good faith, with probable cause, without malice and under laws believed to be constitutional, thereby entitling the Defendants to the defense of qualified immunity.

## ELEVENTH DEFENSE

That the sole and proximate cause of any injuries and/or damages alleged sustained herein were the actions and/or inactions of the Plaintiff, which actions and/or inactions are affirmatively pled in bar of/reduction of any recovery herein.

## TWELFTH DEFENSE

And now, Defendants respond to the allegations of the Plaintiff's Complaint, paragraph by paragraph, as follows:

I.

The allegations contained in paragraph 1 are denied for lack of sufficient information upon which to justify a belief therein.

II.

The allegations contained in paragraph 2 are denied for lack of sufficient information upon which to justify a belief therein.

III.

The allegations contained in paragraph 3 are denied, except to admit that some of the defendant deputies participated in a consensual search of the Plaintiff's apartment.

IV.

The allegations contained in paragraph 4 are denied.

V.

The allegations contained in paragraph 5 are denied.

VI.

The allegations contained in paragraph 6 are denied for lack of sufficient information upon which to justify a belief therein.

VII.

The allegations contained in paragraph 7 are denied for lack of sufficient information upon which to justify a belief therein.

VIII.

The allegations contained in paragraph 8 require no answer; however, in an abundance of caution, those allegations are denied.

IX.

The allegations contained in paragraph 9 are denied for lack of sufficient information upon which to justify a belief therein.

X.

The allegations contained in paragraph 10 are admitted.

XI.

The allegations contained in paragraph 11, as they pertain to the status of Defendant, John S. Walsdorf, are admitted; all other allegations of paragraph 11 are denied.

XII.

The allegations contained in paragraph 12, as they pertain to the status of Defendant, Michael C. Wible, are admitted; all other allegations of paragraph 12 are denied.

XIII.

The allegations contained in paragraph 13, as they pertain to the status of Defendant, Gary L. Bordelon, Jr., are admitted; all other allegations of paragraph 13 are denied.

XIV.

The allegations contained in paragraph 14, as they pertain to the status of Defendant, Jason E. Spadoni, are admitted; all other allegations of paragraph 14 are denied.

XV.

The allegations contained in paragraph 15, as they pertain to the status of Defendant, Joseph P. Hebert, are admitted; all other allegations of paragraph 15 are denied.

XVI.

The allegations contained in paragraph 16 are denied for lack of sufficient information upon which to justify a belief therein.

XVII.

The allegations contained in paragraph 17 are denied, except to admit that Joseph P. Lopinto, III is the duly elected Sheriff of Jefferson Parish; all other allegations of paragraph 17 are denied for lack of sufficient information upon which to justify a belief therein.

XVIII.

The allegations contained in paragraph 18, as they pertain to the status of Defendant, Curtis P. Matthews, are admitted; all other allegations of paragraph 18 are denied for lack of sufficient information upon which to justify a belief therein.

XIX.

The allegations contained in paragraph 19 require no answer; however, in an abundance of caution, those allegations are denied.

XX.

The allegations contained in paragraph 20 are denied.

XXI.

The allegations contained in paragraph 21 are admitted as written.

XXII.

The allegations contained in paragraph 22 are admitted to the extent that the incidents sued upon herein took place within the Eastern District of Louisiana; all other allegations of paragraph 22 are denied.

XXIII.

The allegations contained in paragraph 23 are denied.

XXIV.

The allegations contained in paragraph 24 are denied for lack of sufficient information upon which to justify a belief therein.

XXV.

The allegations contained in paragraph 25 are denied for lack of sufficient information upon which to justify a belief therein.

XXVI.

The allegations contained in paragraph 26 are denied for lack of sufficient information upon which to justify a belief therein.

XXVII.

The allegations contained in paragraph 27 are denied for lack of sufficient information upon which to justify a belief therein.

XXVIII.

The allegations contained in paragraph 28 are denied for lack of sufficient information upon which to justify a belief therein.

XXIX.

The allegations contained in paragraph 29 are denied for lack of sufficient information upon which to justify a belief therein.

XXX.

The allegations contained in paragraph 30 are denied.

XXXI.

The allegations contained in paragraph 31 are denied for lack of sufficient information upon which to justify a belief therein.

XXXII.

The allegations contained in paragraph 32 are denied for lack of sufficient information upon which to justify a belief therein.

XXXIII.

The allegations contained in paragraph 33 are denied for lack of sufficient information upon which to justify a belief therein.

XXXIV.

The allegations contained in paragraph 34 are denied for lack of sufficient information upon which to justify a belief therein.

XXXV.

The allegations contained in paragraph 35 are denied for lack of sufficient information upon which to justify a belief therein.

XXXVI.

The allegations contained in paragraph 36 are denied for lack of sufficient information upon which to justify a belief therein.

XXXVII.

The allegations contained in paragraph 37 are denied for lack of sufficient information upon which to justify a belief therein.

XXXVIII.

The allegations contained in paragraph 38 are denied for lack of sufficient information upon which to justify a belief therein.

XXXIX.

The allegations contained in paragraph 39 are denied for lack of sufficient information upon which to justify a belief therein.

XL.

The allegations contained in paragraph 40 are denied.

XLI.

The allegations contained in paragraph 41 are denied for lack of sufficient information upon which to justify a belief therein.

XLII.

The allegations contained in paragraph 42 are denied for lack of sufficient information upon which to justify a belief therein.

XLIII.

The allegations contained in paragraph 43 are denied for lack of sufficient information upon which to justify a belief therein.

XLIV.

The allegations contained in paragraph 44 are denied.

XLV.

The allegations contained in paragraph 45 are denied for lack of sufficient information upon which to justify a belief therein.

XLVI.

The allegations contained in paragraph 46 are denied.

XLVII.

The allegations contained in paragraph 47 are denied.

XLVIII.

The allegations contained in paragraph 48 are denied for lack of sufficient information upon which to justify a belief therein.

XLIX.

The allegations contained in paragraph 49 are admitted to the extent that the Plaintiff did sign a consent to search form during the incident in question.

L.

The allegations contained in paragraph 50 are denied.

LI.

The allegations contained in paragraph 51 are denied.

LII.

The allegations contained in paragraph 52 are denied.

LIII.

The allegations contained in paragraph 53 are denied.

LIV.

The allegations contained in paragraph 54 are denied.

LV.

The allegations contained in paragraph 55 are denied for lack of sufficient information upon which to justify a belief therein.

LVI.

The allegations contained in paragraph 56 are denied.

LVII.

The allegations contained in paragraph 57 are denied.

LVIII.

The allegations contained in paragraph 58 are denied.

LIX.

The allegations contained in paragraph 59 are denied.

LX.

The allegations contained in paragraph 60 are denied.

LXI.

The allegations contained in paragraph 61 are denied.

LXII.

The allegations contained in paragraph 62 are denied.

LXIII.

The allegations contained in paragraph 63 are denied for lack of sufficient information upon which to justify a belief therein.

LXIV.

The allegations contained in paragraph 64 are denied for lack of sufficient information upon which to justify a belief therein.

LXV.

The allegations contained in paragraph 65 are denied for lack of sufficient information upon which to justify a belief therein.

LXVI.

The allegations contained in paragraph 66 are denied for lack of sufficient information upon which to justify a belief therein.

LXVII.

The allegations contained in paragraph 67 are denied for lack of sufficient information upon which to justify a belief therein.

LXVIII.

The allegations contained in paragraph 68 require no answer; however, in an abundance of caution, those allegations are denied.

LXIX.

The allegations contained in paragraph 69 require no answer; however, in an abundance of caution, those allegations are denied.

LXX.

The allegations contained in paragraph 70 are denied.

LXXI.

The allegations contained in paragraph 71 are denied.

LXXII.

The allegations contained in paragraph 72 are admitted to the extent that, during the incident sued upon herein, the Defendant Deputies were acting under color of law in their capacity as duly appointed deputies with the Jefferson Parish Sheriff's Office; all other allegations of paragraph 72 are denied.

LXXIII.

The allegations contained in paragraph 73 are denied.

LXXIV.

The allegations contained in paragraph 74 are denied.

LXXV.

The allegations contained in paragraph 75 require no answer; however, in an abundance of caution, those allegations are denied.

LXXVI.

The allegations contained in paragraph 76 require no answer; however, in an abundance of caution, those allegations are denied.

LXXVII.

The allegations contained in paragraph 77 require no answer; however, in an abundance of caution, those allegations are denied.

LXXVIII.

The allegations contained in paragraph 78 are denied for lack of sufficient information upon which to justify a belief therein.

LXXIX.

The allegations contained in paragraph 79 are denied.

LXXX.

The allegations contained in paragraph 80 are denied for lack of sufficient information upon which to justify a belief therein.

LXXXI.

The allegations contained in paragraph 81 are denied.

LXXXII.

The allegations contained in paragraph 82 are denied.

LXXXIII.

The allegations contained in paragraph 83 require no answer; however, in an abundance of caution, those allegations are denied.

LXXXIV.

The allegations contained in paragraph 84 are denied.

LXXXV.

The allegations contained in paragraph 85 are denied.

LXXXVI.

The allegations contained in paragraph 86 are denied.

LXXXVII.

The allegations contained in paragraph 87 are denied.

LXXXVIII.

The allegations contained in paragraph 88 require no answer; however, in an abundance of caution, those allegations are denied.

LXXXIX.

The allegations contained in paragraph 89 are denied.

XC.

The allegations contained in paragraph 90 are admitted.

XCI.

The allegations contained in paragraph 91 are denied.

XCII.

The allegations contained in paragraph 92 are denied.

XCIII.

The allegations contained in paragraph 93 are denied.

XCIV.

The allegations contained in paragraph 94 are denied.

XCV.

The allegations contained in paragraph 95 are denied.

XCVI.

Further answering, Defendants aver that all actions taken by any of the defendant deputies were taken in good faith, with probable cause, and without malice, entitling them to the defense of qualified immunity.

XCVII.

Further answering, Defendants aver that the sole and proximate cause of any damages and/or injuries allegedly sustained by the Plaintiff herein were the actions and inactions of the Plaintiff herself, which actions and/or inactions are pled in bar of/reduction of any recovery herein.

XCVIII.

Defendants respectfully request trial by jury on all issues herein.

**WHEREFORE,** Defendants, Sheriff Joseph P. Lopinto, III, John S. Walsdorf, Michael C. Wible, Gary L. Bordelon, Jr., Jason E. Spadoni, Joseph P. Hebert, and Curtis P. Matthews, pray that this Answer be deemed good and sufficient and that, after due proceedings are had, there be judgment herein in favor of Defendants, Sheriff Joseph P. Lopinto, III, John S. Walsdorf, Michael C. Wible, Gary L. Bordelon, Jr., Jason E. Spadoni, Joseph P. Hebert, and Curtis P. Matthews, and against the Plaintiff, Nathasia M. Paul, dismissing the Plaintiff's Complaint, with prejudice, and at Plaintiff's costs.

Respectfully submitted,

**MARTINY & ASSOCIATES, LLC**
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
E-mail: danny@martinylaw.com
jeff@martinylaw.com
mulljtc@gmail.com

*/s/ Daniel R. Martiny*
**DANIEL R. MARTINY (9012)**
**JEFFREY D. MARTINY (35012)**
**JAMES B. MULLALY (28296)**
Attorneys for Defendants, Sheriff Joseph P. Lopinto, III John S. Walsdorf, Michael C. Wible, Gary L. Bordelon, Jr., Jason E. Spadoni, Joseph P. Hebert, and Curtis P. Matthews

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of December, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all participating counsel of record herein.

*/s/ Daniel R. Martiny*
DANIEL R. MARTINY (9012)

16